27 N.J. Super. 517 (1953)
99 A.2d 667
E. MELVIN GODDARD AND COUNTY BOARD OF ELECTIONS OF THE COUNTY OF MONMOUTH, PLAINTIFFS-RESPONDENTS,
v.
GORDON C. KELLY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 13, 1953.
Decided October 14, 1953.
*518 Mr. William T. Wichmann argued the cause for defendant-appellant (Messrs. Wise & Wise, attorneys).
Mr. Edward J. O'Mara argued the cause for plaintiff-respondent (Mr. Henry H. Patterson, attorney).
Before Judges CLAPP, GOLDMANN and EWART.
PER CURIAM.
This is an appeal pursuant to N.J.S.A. 19:29-11 in an election contest. The plaintiff-respondent and the defendant-appellant were candidates for the Republican nomination for the office of member of the Township Committee of Ocean Township, Monmouth County.
There are two questions raised on the appeal. First, whether three ballots marked below as P-3, D-1 and D-2 were properly counted for E. Melvin Goddard by the Superior Court, Law Division. The question here involves an application of N.J.S.A. 19:16-4 which provides that no ballot which shall have any mark or erasure whatsoever shall be declared void unless the board, judge or officer conducting the recount "shall be satisfied that the placing of the mark *519 * * * erasure * * * upon the ballot was intended to identify or distinguish the ballot." We have examined the original ballots and are satisfied that as to P-3 and D-1 there were erasures which were not intended to identify or distinguish the ballots and that therefore they were properly counted. D-2 has a distinct cross in favor of Goddard and, in addition, there appears a very faint mark opposite the name of another candidate, Charles A. Robinson. Quite plainly this latter mark which can barely be seen by the eye was not an indication that the voter intended to vote for Robinson, and so does not fall within the nullifying provision of N.J.S.A. 19:16-3 (a) and (f). Nor do we consider it a mark intended by the voter to identify or distinguish his ballot. N.J.S.A. 19:16-4. Accordingly, we affirm the determination of the Law Division as to these three ballots as being cast in favor of Goddard.
The other question in the case is raised by a counterclaim interposed by the defendant, Kelly, asking for a recount of the votes of the Sixth District. The Primary Election was held April 21, 1953. On April 30, 1953 the same party applied for a recount which was subsequently conducted in all districts. On May 29, 1953 the plaintiff, Goddard, instituted the present action under N.J.S.A. 19:29-1 et seq. The defendant, Kelly, thereafter filed the counterclaim for a further recount.
Under N.J.S.A. 19:28-1 an application for a recount must be made on or before the second Saturday following the election. The defendant cannot avoid this provision by attempting to secure a recount under a chapter 29 proceeding.
Judgment affirmed.